IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02319-LTB

CLIFFORD N. WOODS,

    Plaintiff,

v.

EL PASO COUNTY PROGRAMS,
JANIT KING, and
FRAN LA PAGE,

    Defendants.

---

ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT

---

This matter arises on the "Motion to Alter or Amend the Judgment" filed by Plaintiff, a *pro se* prisoner litigant, on December 5, 2011. Plaintiff currently is detained at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Plaintiff seeks reconsideration of the Order of Dismissal and the Judgment entered on November 8, 2011. The Court must construe the Motion liberally because Plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will grant the Motion.

The Court dismissed the Complaint and action without prejudice because Plaintiff failed to comply with Magistrate Judge Boyd N. Boland's Order of October 3, 2011, directing him either to pay an initial partial filing fee or to show cause why he has no assets and no means to pay the designated fee by submitting a certified trust fund account statement.

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Plaintiff's Motion to Vacate pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on November 8, 2011. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to vacate is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243). Upon consideration of the Motion and the entire file, the Court concludes, based on the following findings, that Plaintiff has given some reason why the Court should alter or amend the November 8 Order of Dismissal and Judgment in this action.

In the Motion to Alter, Plaintiff states that he submitted a certified account statement in this action on October 1 or 2, 2011. He also asserts that at the time he filed a new habeas action, which was opened as Case No. 11-cv-02874-LTB, he filed an

additional certified account statement that should have been filed in this case.  The Court has reviewed Document No. 2 in Case No. 11-cv-02874-BNB and finds an attached document titled "Account Statement Certified" that includes in the caption a reference to Case No. 11-cv-023119.  Although the case number is identified as "23119" and not "2319," it is clear that the statement should be filed in this case.  The Court, therefore, will vacate the November 8 Order of Dismissal and Judgment.

Plaintiff also indicates that the documents he filed on September 28, 2011, were intended to be filed as a new action and not in this case.  The Court, therefore, will instruct the Clerk of the Court to use Document Nos. 3, 4, and 6 to open a new case.

However, if Document No. 3 was not an attempt by Plaintiff to cure the deficiency noted in the Order of September 13, 2011, to state his claims on a Court-approved form, Plaintiff did not cure all deficiencies within the time allowed in this case.  Nonetheless, due to the confusion, the Court will allow Mr. Woods an additional thirty days to submit his claims on a Court-approved form.  Accordingly, it is

ORDERED that Plaintiff's Motion to Alter or Amend Judgment (Doc. No. 14) is granted.  It is

FURTHER ORDERED that the Order of Dismissal and the Judgment, entered on November 8, 2011, are vacated.  It is

FURTHER ORDERED that the Clerk of the Court is directed to reinstate and return this action to the Pro Se Docket.  It is

FURTHER ORDERED that Plaintiff, within thirty days of the date of this Order, submit his claims, as asserted in Doc. No. 1, on a Court-approved form used in filing prisoner complaints.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov for use in filing the Prisoner Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to comply with this Order within the time allowed the Complaint and action will be dismissed without further notice.  It is

FURTHER ORDERED that the Clerk of the Court is directed to use Document Nos. 3, 4, and 6 from this action to open a new prisoner complaint action.

DATED at Denver, Colorado, this __8th__ day of ____December____, 2011.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court