IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02319-BNB

CLIFFORD N. WOODS,

    Plaintiff,

v.

EL PASO COUNTY, Programs,
JANIT KING, and
FRAN LA PAGE,

    Defendants.

## ORDER DISMISSING CASE

    Plaintiff currently is detained at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Acting *pro se*, Plaintiff initiated this action by filing a Notice of Intent. Magistrate Judge Craig B. Shaffer entered an order on September 13, 2011, instructing Plaintiff to submit his claims on a Court-approved form used in filing prisoner complaints and to either pay the $350.00 filing fee or submit a request to proceed *in forma pauperis*. Plaintiff finally complied with the September 13 Order and was granted leave to proceed pursuant to 28 U.S.C. § 1915. Plaintiff was instructed to pay a $7.00 initial partial filing fee or show cause why he has no assets and no means by which to pay the initial partial filing fee.

    Inadvertently, the action was dismissed. Although Plaintiff had submitted an account statement showing his inability to pay the $7.00, the account statement was filed in a separate pending case, Case No. 11-cv-2874-BNB. Pursuant to Plaintiff's Motion to Alter or Amend Judgment filed on December 5, 2011, challenging the

dismissal of this case, the Court reopened the instant action and gave Plaintiff additional time to state his claims on a Court-approved form.  Because Plaintiff asserted in the Motion to Alter that the Complaint he filed on September 28, 2011, which the Court had found was an attempt by Plaintiff to cure the noted deficiency in this case, was a separate complaint, the Court directed the Clerk of the Court to use the September 28 Complaint to open a new action, which is Case No. 11-cv-3192-BNB.

Plaintiff, now, in his recent letter to the Court filed on December 30, contends that this case is the same action as Case No. 11-cv-03192.  Plaintiff asserts that he will not pay for a second case and asks that all his cases be dismissed.  The Court must construe Plaintiff's request liberally because he is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Rule 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  Defendant has not filed an answer in this action.  Further, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  *See* 8-41 James Wm. Moore et al., Moore's Federal Practice § 41.33(6)(a) (3d ed. 1997); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).  The case, therefore, will be closed as of December 30, 2011, the date the request for voluntary dismiss was filed with the Court.  *See Hyde Constr. Co.*, 388 F.2d at 507.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the request for dismissal, Doc. No. 17, is effective as of December 30, 2011, the date Plaintiff filed the request to dismiss in this action.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   10th   day of    January   , 2012.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court